UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEJOHNA T. KING,<br><br>                              Plaintiff,<br><br>              -against-<br><br>ORANGE COUNTY JAIL; ORANGE COUNTY JAIL, MEDICAL UNIT – DENTAL; ORANGE COUNTY JAIL, MENTAL HEALTH; ORANGE COUNTY JAIL, LEGAL MAILING ROOM,<br><br>                              Defendants. | 24-CV-2916 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained at the Orange County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated May 29, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Plaintiff submitted the complaint with the filing fees or an IFP application and prisoner authorization. By order dated May 2, 2024, the Court directed Plaintiff to cure that deficiency. (ECF 3.) The Court received Plaintiff's IFP application and prisoner authorization on May 22, 2024. Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action concerning events that occurred in the Orange County Jail between January and April 2024. Named as Defendant is the Orange County Jail and several units within the jail. Plaintiff alleges,

> With dental first 5:00pm mental health a few days after with Risperdal – my disorder Bipolar Resperdal gave me chronic pain in my bone and joints – and [illegible] Im not schizophrenic[.] Both meds are for that disorder made me delusional from sleep deprivation. Bein[g] X-Ray by dentist 87 days ago and still noting just getting pain meds 7 days ago and still wait mail – not bein given[.]

(ECF 1, at 5.)[2]

Plaintiff further alleges, "Dentel assistant involved she took the X-Rays – and for other party is not for sure who saw or involved." (*Id.*)

In the section of the complaint form for Plaintiff to describe his injuries, he states,

> Delusional – sleep deprivation P.T.S.D. Bipolar mood disorder migraine head ace teeth pain depressed anger from not receive my legal mail from loved ones[.] Heart ace from stress in all the above and countless days on displary loss locked in keep lock loss of money or fine food restriction loss of commissary.

(*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

The Court understands the complaint as attempting to assert constitutional claims under 42 U.S.C. § 1983 that Plaintiff was provided inadequate medical care and that his mail was tampered with. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, punctuation, and grammar are as in the original unless otherwise indicated.

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    Claims against the Orange County Jail

Plaintiff's claims against the Orange County Jail, and any of its departments or divisions, must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Orange County Jail is a correctional facility; it is not a "person" subject to liability under Section 1983. *See Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. June 24, 1994) (Orange County Jail is not suable under Section 1983). The Court therefore dismisses Plaintiff's claims against Orange County Jail and its division or units for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and possible intention to assert claims against Orange County, the Court construes the complaint as asserting claims against Orange County. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy,

custom, or practice caused the violation of the plaintiff's constitutional rights.[3] *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff's allegations do not suggest that Orange County has a policy, practice, or custom that has caused a violation of his constitutional rights. The Court grants Plaintiff leave to file an amended complaint alleging facts suggesting a municipal liability claim against Orange County.

## B.    Claims for inadequate medical care

Because Plaintiff is a pretrial detainee, his claims for inadequate medical care arise under the Due Process Clause of the Fourteenth Amendment. To state a claim for constitutionally inadequate medical care under the Due Process Clause, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which

---

[3] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

"includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks and citation omitted)).

To satisfy the second element – the "subjective" or "mental" element – a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983).

Here, Plaintiff does not allege sufficient facts to suggest a viable claim for inadequate medical care. He appears to allege that he suffers from schizophrenia and an unspecified dental condition. Even if the Court assumes that Plaintiff's medical conditions are objectively serious,

he has not alleged any facts suggesting that any individual correction officer or other official knew of, or should have known of, the serious conditions and failed to act to mitigate the risks.

The Court grants Plaintiff leave to file an amended complaint alleging facts to satisfy the objective and subjective prongs of the deliberate indifference standard. If Plaintiff realleges these claims in an amended complaint, he should name as defendants those individual officers who he alleges were personally involved in providing him inadequate medical care.

## C.    Interference with mail claims

The Court liberally construes Plaintiff's claim that his mail, possibly including his legal mail, is being "held" as arising under the First Amendment. A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's allegations concerning his mail potentially implicate both an access-to-courts claim and a general mail tampering claim.

### a.    Access to courts claim

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren*, 386 F.3d 88, 92-93

(2d Cir. 2004) (quoting *Bounds*, 420 U.S. at 821, 828). Assistance from prison authorities, however, is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff, who is a pretrial detainee with pending criminal proceedings, alleges that unspecified "legal mail" is being "held from [his] loved ones." (ECF 1, at 5.) Plaintiff, however, does not allege that any defendant deliberately and maliciously tampered with his mail. Nor does he allege any facts suggesting that he is pursuing a "nonfrivolous, 'arguable' underlying claim" of injury to his rights that has been hindered as a result of delays or withholding of his mail.

*Harbury*, 536 U.S. at 415. Furthermore, even if Plaintiff, who is presumably represented by counsel in his pending criminal case, is pursuing a meritorious legal issue arising from his criminal proceedings, he does not allege any facts explaining why his counsel would be unable to assert the claims on his behalf. *See Bourdon*, 386 F.3d at 98. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his defense attorney could not pursue any matters arising in his criminal case, he fails to state an access to courts claim under the First Amendment.

The Court grants Plaintiff leave to replead his claims in an amended complaint naming as defendants the individual correction officers whom he alleges violated his rights and alleging additional facts to state a Section 1983 access to court claim.

  b.  Mail tampering claim

To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if they are indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.* at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that correction staff interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. He alleges only that his mail is "not being given" and is "bein[g] held from [his] loved ones." (ECF 1, at 5.) Plaintiff's allegations do not suggest that correction staff subjected him to regular and

unjustifiable interference with his mail or that such interference affected his ability to access the courts.

The Court grants Plaintiff leave to replead his mail tampering claims in an amended complaint naming as defendants the individual correction officers whom he alleges violated his rights and alleging additional facts sufficient to state a Section 1983 access to the court or mail tampering claim. For an access to the court claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel. In support of a mail tampering claim, he must allege facts indicating that named defendants subjected him to regular and unjustifiable interference with his mail.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims for inadequate medical care and mail tampering, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

to list all the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2023, at Orange County Jail, during the 7-3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2916 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims he may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     August 6, 2024
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name            Middle Initial            Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                        State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                         State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment,
if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____